ATLANTIC CITY SEWERAGE COMPANY, APPELLANT, v.
BOARD OF PUBLIC UTILITY COMMISSIONERS, RE-
SPONDENT.

Argued May 20, 1924—Decided July 27, 1924.

On appeal from the supreme court, in which the following
*per curiam* was filed:

"This is a *certiorari* to review the decision of the respond-
ent on an application of the prosecutor for an increase of
rates in Atlantic City.

"Two reasons for reversal are argued by the counsel of
prosecutor in the brief.

"The first is, that the finding of value of the plant at
$1,600,000 is not correct, and was arrived at by improper
methods and upon erroneous principles, in that 'there were
only two estimates or appraisals of the present value of the
property of the prosecutor, neither of which was taken by the
board as the basis for fixing rates.'

"The two estimates referred to are, the one spoken of as the
board's appraisal showing a value at the time of hearing of
$1,926,747, and the other referred to as the company's esti-
mate showing a value at time of hearing of $1,884,634.

"But there were before the respondent other facts, figures
and appraisals, with a range, inclusive of the appraisals above
referred to, of from $985,944 to $1,926,747.

"Undoubtedly, 'what the company is entitled to demand,
in order that it may have just compensation, is a fair return
upon the reasonable value of the property at the time it is
being used for the public.' And the value is of that time
at which the fixing of the rate or rates is being undertaken.

"But it is equally true that 'the ascertainment of that value
is not controlled by artificial rules. It is not a matter of
formulas, but there must be a reasonable judgment having its
basis in a proper consideration of all relevant facts.'

396    COURT OF ERRORS AND APPEALS.

Atlantic, &c., Co. v. Bd. Pub. Util. Comm'rs.   *100 N. J. L.*

"The decision of the respondent shows it to be the product of great care and consideration, and we do not find that it arrived at the value of $1,600,000 unwarrantedly nor by the application of any erroneous or illegal principles.

"The second reason for reversal is that in fixing rates the respondent, not only took into consideration the revenue to be derived from its present business based upon actual connections with its sewerage system at the time of the closing of the hearing, but also took into consideration revenue that would probably be derived from additional connections that it was estimated would be made for a year thereafter.

"In this respect we can find no error. The finding was made upon tangible and competent data and evidence, and the fixing of rates was not for the immediate present only, but, at least, for a reasonable time in the future.

"The order of the respondent is affirmed, with costs."

For the appellant, *Treacy & Milton* and *Joseph Thompson.*

For the respondent, *Thomas Brown, L. Edward Herrmann* and *Joseph B. Perskie.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the supreme court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, MINTURN, KALISCH, BLACK, KATZENBACH, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, JJ.   10.

*For reversal*—None.