Supreme Ct.—Millville Electric Light Co. v. Bd. Public Util. Comm'rs.

It falls within that provision of the statute. *Pamph. L.* 1912, *p.* 382, § 27. No judgment shall be reversed for the improper admission or exclusion of evidence, unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party.

Finding no error in the record, the judgment of the Essex County Circuit Court in each case is affirmed.

---

MILLVILLE ELECTRIC LIGHT COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS OF NEW JERSEY, DEFENDANT.

Argued March 3, 1925—Decided April 17, 1925.

**Public Utilities—Rule in Rate-Making Cases Stated—Value of Steam Plant Eliminated as in Excess of Cost of Current Otherwise Purchased—Court Will Not Merely Substitute Its Judgment for That of Legislative Body—Rate Affirmed.**

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Lewis Starr.*

For the defendant, *Thomas Brown.*

PER CURIAM.

We think the meritorious question involved in this case is determined by the application of the rule stated by the Supreme Court of Maine in the case of *Kennebec Water District* v. *Waterville,* 97 *Me.* 185, and approved by Vice Chancellor Pitney in the carefully considered case of *Long Branch Commission* v. *Tintern Manor Water Co.,* 70 *N. J. Eq.* 71, 83; *affirmed,* 71 *Id.* 790. That case was affirmed for the reasons

NEW JERSEY MISCELLANEOUS REPORTS. 413

Supreme Ct.—Millville Electric Light Co. v. Bd. Public Util. Comm'rs.

stated by Vice Chancellor Pitney. That rule summarized, so far as it applies to the facts developed in the record of this case, is as follows: The elemental principles are the right of the company to derive a fair income, based upon the fair value of the property at the time it is being used for the public, taking into account the cost of maintenance or depreciation and current operating expenses, and the right of the public to have no more exacted than the services in themselves are reasonably worth, including a fair income to the stockholders on their investment.

The facts to which this rule may be applied are these: The board of public utility commissioners on the 29th of October, 1923, by a formal order determined that the schedule of rates, or charges, for electric energy made by the prosecutor prior to September, 1923, to the territories served, were "unjust and unreasonable." The board did in the same order determine and fix "just and reasonable" rates. This is the order which is now under review in this court. The rates were made effective as of December 1st, 1923.

The board did by its order eliminate the value of the prosecutor's steam plant, the value of which as found by the board aggregating upwards of $70,000 in excess of the cost of current otherwise purchased, as constituting property not useful in the conduct of its business. The value of the steam plant was thus excluded by the board in determining the value of the property of the prosecutor.

It would serve no useful purpose to restate the facts on which the order of the board was based. The facts with schedules are clearly and somewhat minutely stated in the decision of the board, dated August 22d, 1923, covering in the printed book pages from 15 to 31. The case was reopened for further hearing October 29th, 1923. A supplemental order and decision filed covering in the printed book pages from 36 to 40, dated October 29th, 1923.

Our reading of the record leads us to the same conclusion as that filed by the board. The order so made is supported by the evidence on which it is based.

In the case of the *Atlantic City Sewerage Co.* v. *Board of Public Utility Commissioners,* 125 *Atl. Rep.* 327, it was said the finding was made upon tangible and competent data and evidence. This case is in point. It was affirmed by the Court of Errors and Appeals, for the reasons expressed in the opinion of the Supreme Court.

The courts will not merely substitute their judgment for that of a legislative body. *Public Service Gas Co.* v. *Board of Public Utility Commissioners,* 84 *N. J. L.* 468.

The value of the prosecutor's plant, as shown by the engineers, is as follows: The engineers of the municipality valued the plant at $157,028; the engineers of the prosecutor valued the plant at $362,106; the value adopted by the board of public utility commissioners was $205,506.

In the brief of the defendant it is estimated that by the different rates allowed by the board (record, pages 24 to 26) there will be a net return of eight per cent. on the valuation of the plant as fixed by the board.

The order of the defendant is affirmed, with costs.